# KOBRE & KIM LLP

800 THIRD AVENUE
NEW YORK, NEW YORK 10022
WWW.KOBREKIM.COM

TEL +1 212 488 1200

NEW YORK
LONDON
HONG KONG
SHANGHAI
SEOUL
WASHINGTON DC
SAN FRANCISCO
MIAMI
CAYMAN ISLANDS
BVI

July 20, 2018

**BY ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    **Ambac Assurance Corp. v. U.S. Bank National Association**, 18-cv-05182-LGS

Dear Judge Schofield:

      Pursuant to Federal Rule of Civil Procedure 12 and Your Honor's Individual Rule III.C.2, we write on behalf of Defendant U.S. Bank National Association (the Trustee) in advance of the August 14, 2018 pre-motion conference. Ambac Assurance Corporation's Complaint—like the substantially similar suit Ambac pursued unsuccessfully against the Trustee last year—must be dismissed because there is no subject matter jurisdiction and the claims otherwise cannot proceed under applicable law.

      This case concerns the value of litigation (the Putback Litigation) brought by the Trustee against Countrywide Home Loans, Inc., Bank of America National Association, and others (together, the Bank of America Entities) with respect to mortgage loans deposited into the HVMLT 2005-10 (Trust). Ambac insured certain classes of certificates in the Trust.

      As alleged in the Complaint, in late 2016, the Trustee received a proposal to settle the Putback Litigation from certain certificateholders who had, without informing the Trustee, negotiated the proposed settlement with the Bank of America Entities (the Original Settlement Offer). Before the Trustee had determined how to respond to the Original Settlement Offer, Ambac sued the Trustee. *See Ambac Assurance Corp. v. U.S. Bank Nat'l Ass'n*, No. 17-CV-446 (SHS) (S.D.N.Y.) (Ambac I). Ambac alleged that the proposed settlement consideration was too low and claimed that *if* the Trustee ultimately settled the Putback Litigation on those terms, the Trustee *would* violate its purported obligations under the applicable Pooling Agreement to act as a "prudent person." The court ultimately granted the Trustee's motion to dismiss the Complaint on ripeness grounds, finding that the Complaint alleged merely "a *potential*, not a current breach of U.S. Bank's duties" because any injury to Ambac "depends on U.S. Bank's acceptance of the

Hon. Lorna G. Schofield
July 20, 2018
Page 2

settlement," which the court recognized was "an event that ha[d] not occurred . . . ." *Ambac I*, 2018 WL 485976, at *3 (S.D.N.Y. Jan. 18, 2018).[1]

As the Complaint further alleges, after Ambac filed *Ambac I*, the Trustee decided to reject the Original Settlement Offer. While the majority of Trust certificateholders with voting rights had voted in favor of the Trustee accepting it, the Trustee concluded, based on expert advice, that the proposed consideration was too low. The Trustee sought approval to reject the Original Settlement Offer in a trust instruction proceeding (TIP) in Hennepin County District Court in Minnesota (the TIP Court), where the Trustee is based.

Thereafter, the Trustee discussed settlement with the Bank of America Entities and agreed to continue a previously-existing stay of the Putback Litigation in connection with the same. On May 31, 2018, the Trustee executed a settlement agreement with the Bank of America Entities (the Agreement). By its terms, the Agreement will not become effective unless the TIP Court approves the settlement contained therein and various other conditions are satisfied. On June 1, 2018, the Trustee moved to amend its TIP petition.[2] The Trustee asked the TIP court to "consider the Trustee's evaluation and proposed acceptance of [the Agreement] under any potentially applicable standard of care under the Pooling Agreement (including the 'prudent person' standard of care) and find that any such standard of care has been and would be satisfied by the Trustee's conduct here." Under the applicable Minnesota statute, all of the Trust's certificateholders and Ambac, among others, have an opportunity to be heard by the TIP Court.

Apparently eager to be outside of a forum involving all other certificateholders, Ambac has sued the Trustee again here, essentially on the same claims. Although the settlement is not effective until, among other things, the TIP Court approves the settlement, Ambac asserts that it has already been harmed because the settlement *could* go into effect. Further, even though the Trustee has already asked the TIP Court to apply the "prudent person" standard in evaluating the settlement, Ambac urgently asks this Court to declare that the "prudent person" standard applies. Here, however, Ambac attempts to circumvent the same jurisdictional defects that defeated its initial complaint with two additional, frivolous claims—that U.S. Bank breached its duties (i) when it maintained the stay of the Putback Litigation; and (ii) when it commenced the TIP proceeding with respect to the Trust's administration.

As the Trustee's motion will demonstrate, Ambac's Complaint should be dismissed. *First*, its claims arising out of the Agreement are still not ripe. As the *Ambac I* court held, a claim is not ripe, and the court lacks subject matter jurisdiction, if it is "based upon contingent future events

---

[1] The remaining claims, which were based on the Trustee's method for distributing recovered funds, were dismissed because they failed to meet the amount-in-controversy requirement for diversity jurisdiction, and judgment was entered in favor of the Trustee. And Ambac still does not allege damages exceeding $75,000 with respect to the equivalent claims here.

[2] Prior to the Trustee moving to amend, Ambac moved to dismiss the TIP for lack of jurisdiction. The TIP Court denied Ambac's motion. Ambac appealed and has contested the Trustee's motion to amend the TIP petition based on such pending appeal.

Hon. Lorna G. Schofield
July 20, 2018
Page 3

that may not occur as anticipated, or indeed may not occur at all." *Thomas v. City of New York*, 143 F.3d 31, 34 (2d Cir. 1998). If Ambac prevails in proving that the TIP Court lacks jurisdiction, the Agreement, by its terms, will not become effective. Ambac cannot credibly allege that approval of the settlement is so "imminent" that it is ripe for review, while simultaneously arguing that a condition precedent to its acceptance is impossible (*i.e.*, approval by the TIP Court). Further, even if the Minnesota Court of Appeals affirms the TIP Court's decision on jurisdiction, as it should, the Agreement still does not become effective unless the TIP Court approves it. Thus, these claims are not justiciable under applicable law. *See Clapper v. Amnesty Int'l, USA*, 568 U.S. 398, 412-13 (2013).

*Second*, the Court should abstain from hearing all claims under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). Abstention is appropriate where parallel state-court litigation would result in "comprehensive disposition of litigation" and abstention would conserve judicial resources. *Id.* at 817-18. Federal courts regularly abstain from adjudicating cases related to trust administration in favor of parallel state proceedings, like the TIP, that are specifically designed to address the same. *See, e.g., Bankers Ins. Co. v. Countrywide Fin. Corp.*, No. 11-CV-1630, 2012 WL 2594341, at *8 (M.D. Fla. July 5, 2012) (abstaining from adjudicating whether RMBS trustee violated its duties in negotiating and accepting a settlement agreement, in favor of pending CPLR Article 77); *Sterling Fed. Bank, F.S.B. v. Countrywide Fin. Corp.*, No. 11-CV-2012, 2012 WL 2368821 (N.D. Ill. June 21, 2012) (same).

*Finally*, the Complaint should be dismissed for failure to state a claim. Among other things, there is no credible claim of breach based on a trustee undertaking to resolve a matter of trust administration pursuant to a statute *specifically designed* for that purpose. Similarly, there is no colorable cause of action for a plaintiff determining that it is appropriate to stay litigation to facilitate settlement discussions. Moreover, the breach of contract and breach of fiduciary duty claims fail to plead damages adequately. *See, e.g., Lexington 360 Assocs. v. First Union Nat'l Bank of N.C.*, 234 A.D.2d 187, 189-90 (1st Dep't 1996); *Rut v. Young Adult Inst., Inc.*, 74 A.D.3d 776, 777 (2d Dep't 2010). And other claims are impermissibly duplicative. *See, e.g., Ellington Credit Fund, Ltd. v. Select Portfolio Serv., Inc.* 837 F. Supp. 2d 162, 492-93 (S.D.N.Y. 2011) (breach of fiduciary duty claim cannot duplicate breach of contract claim regarding the same alleged obligations); *City of Perry v. Procter & Gamble Co.*, 188 F. Supp. 3d 276, 286 (S.D.N.Y. 2016) (declaratory judgment claim cannot duplicate breach of contract claim regarding the same).

We have conferred with Ambac's counsel and jointly propose the following briefing schedule: Trustee's motion due on September 12, 2018, Ambac's opposition due on October 12, 2018, and the Trustee's reply due on October 26, 2018.

Respectfully submitted,

Danielle L. Rose
Leif T. Simonson
Kelly Spatola
+1 212 488 1200